UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICK WILLIAM BOGGS,<br><br>                Petitioner,<br><br>v.<br><br>ADA COUNTY JAIL MEDICAL<br>PROVIDER and TRUST OFFICE(S),<br><br>           Respondents. | Case No. 1:24-cv-00560-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Patrick William Boggs has filed a Petition for Writ of Habeas Corpus, claiming that his inmate trust account has been improperly charged for jail medical treatment. *See generally* Dkt. 2. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

**REVIEW OF PETITION**

**1.      Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court." Habeas Rule 4; *see also see also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (stating, in the context of a § 2241 petition, that "district courts are expected to take an active role in summarily disposing of facially defective habeas petitions.") (internal quotation marks omitted), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382, 218 L. Ed. 2d 421 (2024).

## 2.    Discussion

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.") (internal quotation marks omitted). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, a prisoner's conditions of confinement. *Id*. Therefore, "if a state prisoner's claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all," pursuant to 42 U.S.C. § 1983, the civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

The instant Petition does not actually challenge a conviction for which Petitioner is incarcerated or any pending criminal charges on which he is detained. Instead, Petitioner challenges the conditions of his confinement at Ada County Jail, claiming that the Ada County Jail, or jail medical personnel, have improperly charged Petitioner's jail trust account for medical treatment that Plaintiff claims was substandard. The remedy for such

violations would not be an immediate or speedier release from confinement, *see Preiser*, 411 U.S. at 500, but instead an award of monetary damages and/or an order requiring the cessation of unconstitutional activities. Because such claims "do[] not lie at the core of habeas corpus," these claims "may not be brought in habeas corpus but must be brought, if at all," pursuant to 42 U.S.C. § 1983, the civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted). If Petitioner intends to assert conditions-of-confinement claims that do not call into question the very fact or duration of Petitioner's confinement, he may file a separate civil rights lawsuit.

For the foregoing reasons, Petitioner's habeas claims are subject to summary dismissal as noncognizable.

## ORDER

**IT IS ORDERED:**

1.  Petitioner's Application to Proceed in Forma Pauperis (Dkt. 4) is GRANTED.

2.  The Petition for Writ of Habeas Corpus (Dkt. 2) is DISMISSED without prejudice.

3.  Petitioner's Request for Attorney (Dkt. 9) is DENIED AS MOOT.

4.  The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this

INITIAL REVIEW ORDER - 3

Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: February 7, 2025

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER - 4